UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **JENNIFER WILDENER LARSEN,**  Plaintiff,  v.  **JERRY LARSEN, et. al.,**  Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**  **Case No. 2:24-cv-004**  **Chief Magistrate Judge Dustin B. Pead** |

Plaintiff Jennifer Larsen brings this *pro se* Habeas Corpus 2241 action[1] *in forma pauperis*.[2] Having screened the Complaint under its statutory review function,[3] the court orders Plaintiff to file an amended complaint under the proper cause of action and cure any deficiencies before further pursing her claims.

Plaintiff filed her case seeking a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."[4] A petition for a writ of habeas corpus is a means of requesting a court to review the legality of detention.[5] Plaintiff, however, is challenging the guardianship order from a Utah

---

[1] 28 U.S.C. § 2241.
[2] 28 U.S.C. § 1915.
[3] 28 U.S.C. §1915(e)(2) provides "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief."
28 U.S.C § 1915(e)(2).
[4] ECF No. 2.
[5] *See* Peyton v. Rowe, 391 U.S. 54, 58, 88 S. Ct. 1549 (1968) ("The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. Where it is available, it assures among other things that a prisoner may require his jailer to justify the detention under the law.").

1

District Court. Plaintiff further alleges the "fraternal grandparents defrauded" this Utah District Court. Plaintiff goes on to note she filed an appeal with the Utah Department of Human Services, Child Protective Services, the Vernal Police Department, and FBI Headquarters in Salt Lake City, Utah. Finally, Plaintiff seeks an ex-parte hearing involving herself, her child, grandparents, and an order to pick up her child. None of these claims are properly brought as a writ of habeas corpus. Accordingly, Plaintiff is ORDERED to file a new Complaint on the proper form in accordance with the following.

First, Plaintiff is to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[6]

Pro se litigants, such as Plaintiff, are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[7] It is improper though for the court "to assume the role of advocate for a pro se litigant."[8] Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[9]

Second, it is well settled that judges "are absolutely immune from suit unless they act in

---

[6] *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).
[7] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).
[8] *Id.*
[9] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."[10] Thus, bringing a claim against the judge who presided over Plaintiff's child's custody dispute is likely improper and claims against a defendant juvenile or district judge are subject to dismissal.

Finally, this court is not the proper forum to bring an appeal of a state court decision. "The Rooker–Feldman doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision."[11] Thus, this court cannot act as an appellate court reviewing a state court disposition of a plaintiff's claims.

ORDER

Accordingly, it is HEREBY ORDERED that:

1) Plaintiff must within thirty days form the date of this order, cure the Complaint's deficiencies by filing an Amended Complaint on the proper form.

2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form complaint which Plaintiff must use if she wishes to pursue another amended complaint.

3) If Plaintiff fails to timely cure the deficiencies in her Complaint, this action will be dismissed.

---

[10] *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

[11] *Merrill–Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir.2004) (footnote omitted); *see also* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir.2006) ("The Rooker–Feldman doctrine prohibits federal suits that amount to appeals of state-court judgments."); *Warnick v. Briggs*, No. 2:04–cv–360–DAK, 2007 U.S. Dist. LEXIS 80970, at *23–24,2007 WL 3231609(D.Utah Oct. 30, 2007).

DATED this 16 January 2024.

_____
Dustin B. Pead
United States Magistrate Judge

4